**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30143 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00096-BLW-1 |
| v. | |
| JESUS OCTAVIO ARREOLA-BELTRAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 9, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

Jose Octavio Arreola-Beltran ("Arreola-Beltran") appeals two separate two-

level upward adjustments to his sentence, and the substantive reasonableness of his

sentence. He was convicted by a jury for possession with intent to deliver

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

methamphetamine and conspiracy with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Arreola-Beltran was convicted in a joint-trial with co-defendant Lucio Landeros-Valdez ("Landeros-Valdez"). The third participant in the crime, Jose Gabriel Virgen ("Virgen"), cooperated with the government and testified at the joint-trial. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** Arreola-Beltran appeals a two-level upward adjustment for his role as an "organizer, leader, manager, or supervisor in any criminal activity" of at least "one or more other participants." U.S.S.G. § 3B1.1(c) cmt. n.2. We review the district court's factual finding that Arreola-Beltran was an organizer or leader of criminal activity for clear error. *United States v. Rivera*, 527 F.3d 891 (9th Cir. 2008). We review the application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Here, the district court did not err in finding that there were critical facts that corroborated Jose Gabriel Virgen's ("Virgen") testimony that Arreola-Beltran was the leader of the small drug organization: (1) Arreola-Beltran was the only co-defendant to have phone contact with the confidential informant and undercover officers; (2) Arreola-Beltran told the confidential informant he was sending Virgen to the sale because Arreola-Beltran was nervous that Arreola-Beltran, Landeros-

2

Valdez, and Virgen were being followed; (3) at the controlled sale Virgen told

Sargent Banda that he needed to confer with Arreola-Beltran about making a larger

sale; and (4) at the time of arrest Arreola-Beltran possessed the monetary proceeds

from the controlled sale.

The district court did not abuse its discretion in applying the two-level

upward adjustment because evidence was sufficient to "sustain a finding" that

Arreola-Beltran "exercised some control over others involved in the commission of

the offense." *United States v. Avila*, 95 F.3d 887, 889 (9th Cir. 1996) (internal

citation omitted).

**2.** Arreola-Beltran appeals an additional two-level upward adjustment to his

sentence for obstruction of justice. We review "a district court's determination of

the reliability of evidence used at sentencing for an abuse of discretion." *United

States v. Felix*, 561 F.3d 1036, 1040 (9th Cir. 2009) (citing *United States v. Marin-

Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998)).

At sentencing, the district court sua sponte raised the issue of obstruction of

justice because Arreola-Beltran provided false information to a probation officer

during the preparation of his Presentence Report.[1] *See* § 3C.1 cmt. n.4(H) (obstruction of justice sentencing enhancement applies where defendant provides materially false information to probation officer with respect to presentence investigation).

Here, there is ample evidence that Arreola-Beltran knew of the drugs and willingly participated in the criminal activity. When he was interviewed by the probation officer, against the advice of counsel, Arreola-Beltran stated that he did not know there were drugs in Virgen's car until he, Landeros-Valdez, and Virgen were arrested. At his own sentencing hearing, however, Arreola-Beltran testified that he found out about the drugs when he, Landeros-Valdez, and Virgen arrived in Oregon, and that Virgen asked Arreola-Beltran to help with the sale in exchange for money. Thus, because of Arreola-Beltran's own admission, the district court did not abuse its discretion in finding that Arreola-Beltran obstructed justice by providing materially false information to the probation officer preparing his Presentence Report.

---

[1] The Government had previously raised a two-level adjustment for obstruction of justice on the independent ground that Arreola-Beltran allegedly made threats to co-defendant Virgen. Arreola-Beltran argues that there was insufficient evidence to support these allegations. We do not reach this argument.

**3.** We review the substantive reasonableness of the 240 month sentence imposed on Arreola-Beltran for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citations omitted).

In *Carty*, we stated that "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 520 F.3d at 991 (quoting 18 U.S.C. §§ 3553(a) and (a)(2)).

At sentencing, the district court explained the basis for Arreola-Beltran's 240 month sentence sufficiently to permit meaningful appellate review. *Id.* at 992. The district court reasoned that Arreola-Beltran's 240 month Guidelines-range sentence was appropriate because: (1) co-defendant Virgen cooperated during the investigation, whereas Arreola-Beltran did not; (2) Arreola-Beltran pled guilty to drug trafficking in Idaho in 2008 but left the jurisdiction before the charge could be effectuated; (3) Arreola-Beltran lacked a record of employment even though he has been in the United States on and off since he turned eighteen, indicating that his

5

sole occupation is dealing methamphetamine; and (4) methamphetamine is a very serious drug that destroys many lives. Thus, the district court did not abuse its discretion when it imposed a 240 month sentence on Arreola-Beltran.

**AFFIRMED.**